## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARNICE ROBERTSON, as the surviving daughter of decedent, GEORGIA CLARDY<br><br>    Plaintiff,<br><br>v.<br>BIG BLUE HEALTHCARE, INC. d/b/a RIVERBEND POST-ACUTE REHABILITATION, LITTLE BLUE HEALTH HOLDINGS, LLC, RYAN LEIKER, GATEWAY HEALTHCARE, INC., THE ENSIGN GROUP, INC., ENSIGN SERVICES, INC. f/k/a ENSIGN FACILITY SERVICES, INC., and GOLDEN OAKS HEALTHCARE, INC.<br><br>    Defendants. | Case No. 2:20-CV-2561<br><br>Removed from District Court of Wyandotte County, Kansas<br><br>Wyandotte County<br>Case No. 2020-CV-000597 |

### NOTICE OF REMOVAL

COMES NOW, Defendants BIG BLUE HEALTHCARE, INC. d/b/a RIVERBEND POST-ACUTE REHABILITATION, LITTLE BLUE HEALTH HOLDINGS, LLC, GATEWAY HEALTHCARE, INC., THE ENSIGN GROUP, INC., and GOLDEN OAKS HEALTHCARE, INC. by and through their undersigned counsel, hereby remove this action from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas, reserving all defenses and reserving all objections to venue based on 42 U.S.C.A. § 247d-6d(e)(1), pursuant to 28 U.S.C.A. §§ 1441 and 1446, on the following grounds:

### I.    STATEMENT OF THE CASE

1.    This action was filed in the District Court of Wyandotte County, Kansas as Case No. 2020-CV-000597 October 5, 2020. (**Exhibit A**, Summons and Petition).

2.      Defendants BIG BLUE HEALTHCARE, INC., LITTLE BLUE HEALTH HOLDINGS, LLC, GATEWAY HEALTHCARE, INC., THE ENSIGN GROUP, INC., and GOLDEN OAKS HEALTHCARE, INC. were served with the Summons and Petition on October 8, 2020.  Accordingly, this Notice of Removal is timely filed within 30 days after service of process. 28 U.S.C.A. § 1446(b).

3.      All served defendants consent to this Notice of Removal as required by 28 U.S.C.A. § 1446(b)(2).

4.      The matter is removable to this Court as the federal district court for the place where the state court action is pending. *See*, 28 U.S.C.A. § 1441(a).

5.      This Notice is filed in Kansas City, Kansas pursuant to District of Kansas Local Rule 81.1(b).

6.      Concurrent with the filing or promptly thereafter, Defendants are filing a copy of this Joint Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas and are serving this Joint Notice of Removal on counsel for all adverse parties pursuant to 28 U.S.C.A. § 1446(d).

7.      Pursuant to 28 U.S.C.A. § 1446(a), copies of pleadings and documents from the District Court of Wyandotte County, Kansas served upon or provided to Defendants are attached as follows:

| Exhibit | Date of Filing | Description |
|---------|----------------|-------------|
| A | October 5, 2020 | Summons and Petition |

## II.   <u>GROUNDS FOR REMOVAL</u>

8.     This case is removable under 28 U.S.C.A. § 1441(a) on the basis of "original jurisdiction" because Plaintiff's Petition asserts a claim "arising under" and governed by federal law within the meaning of § 1331.

9.     The Petition asserts causes of action for negligence and wrongful death resulting from alleged misconduct by a covered person in the administration of a covered countermeasure under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d(d), 247d-6e (West 2020).

10.     More specifically, Plaintiff claims Defendants were negligent in the care rendered to the decedent in relation to exposure, diagnosis, and treatment of COVID-19 and in the distribution, administration, or use of medical countermeasures, including but not limited to monitoring residents and staff for symptoms of COVID-19; adhering to social distancing guidelines; maintaining proper infection control procedures; and maintaining proper sanitary procedures (like personal protective equipment) within the Skilled Nursing Facility, Riverbend Post Acute Rehabilitation where the decedent resided. (Exhibit A, Petition, ¶¶ 50-55, 64).[1]

11.     On its face, the allegations contained in the Petition reflect that a "covered person" was involved in "recommended activity" relative to a "covered countermeasure" and therefore presents a Federal Question under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

---

[1] Plaintiff's Petition alleges that certain defendants owned, operated, controlled, maintained, and/or did business as the Facility. (Exhibit A, Petition, ¶¶ 6, 10, 12, 21-22.). Plaintiff also alleges joint enterprise liability among certain "Joint Venture Defendants" and agency theories of liability.   (*Id.* at ¶¶ 23-26, 30-32).   Defendants deny these allegations and further state that important differences exist among the various defendants.   Nevertheless, at the pleading stage and for the purpose of evaluating this Notice of Removal, Plaintiff's allegations are accepted as true.

12.     As such, Congress provided an exclusive remedy for the substance of the allegations and relief sought in the Petition, and Federal law expressly pre-empts state law for purposes of federal question jurisdiction. *See* Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

13.     The PREP Act provides the sole remedy for claims against covered persons in the administration of a covered countermeasure. 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

14.     The issue of whether federal question jurisdiction exists when a Petition asserts a claim in state law is addressed in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003). The Court explained:

> [A] state claim may be removed to federal court … when a federal statute wholly displaces the state-law cause of action through **complete pre-emption**. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. In the two categories of cases where this Court has found complete pre-emption … the federal statutes at issue **provided the exclusive cause of action** for the claim asserted and also **set forth procedures and remedies governing that cause of action**.

*Id.* at 8 (emphasis supplied; internal citations and footnotes omitted).

15.     There, the plaintiff brought an action for usury under state law, which was preempted by the usury provisions of the National Bank Act (12 U.S.C.A. §§ 85 and 86). The Court held that the usury provisions under §§ 85 and 86 collectively "supersede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive." *Beneficial Nat. Bank, supra,* at 11. Therefore, the court held that federal question diversity was proper under the "complete preemption" doctrine.

16.     Thus, Circuit Courts and District Courts have subsequently found "complete preemption" where a federal statute expressly preempts state law and creates an exclusive federal remedy for preempted state claims. *See, e.g., In re WTC Disaster Site*, 414 F.3d 352, 380 (2d Cir.

2005); *Spear Marketing, Inc. v. Bancorp South Bank*, 791 F.3d 586 (5th Cir. 2015); *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F.Supp.2d 565 (E.D.Pa. 2004).

17.     Here, as set forth below, Plaintiff's tort claims are completely preempted by the PREP Act sections found at 42 U.S.C.A. §§ 247d-6d and 247d-6e.

18.     Under 42 U.S.C.A. § 247d-6d(a), a "covered person" is afforded broad immunity for all "claims for loss arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure" as those terms are defined by that section, provided the Secretary of the Department of Health and Human Services (HHS) issues a declaration to that effect.

19.     For all claims barred by immunity under 42 U.S.C.A. § 247d-6d that do not assert "willful misconduct," the exclusive remedy for relief is established under § 247d-6e, which permits an individual to make a claim for benefits through the Countermeasures Injury Compensation Program, also known as the Fund, for a "covered injury directly caused by the administration or use of a covered countermeasure." In fact, and for purposes of illustrating Congress's intent to address all claims, even a claimant alleging "willful misconduct" must first apply for benefits through the Fund under § 247d-6e before bringing an action under § 247d-6d(d). *Id.* § 247d-6e(d)(1).

20.     Moreover, under 42 U.S.C.A. § 247d-6d(b)(8), state law that "is different from, or in conflict with, any requirement applicable [for immunity]" is expressly preempted.

21.     Here, as defined by the allegations in the Petition, Defendants are "covered persons" in that the Facility, Riverbend, is a Skilled Nursing Facility licensed by the State of Kansas. The Facility, as well as its' alleged employees and affiliates are "covered persons" because each meet the requirements of a "program planner" of countermeasures under the PREP Act and

are "qualified persons who prescribed, administered or dispensed" a countermeasure under the PREP Act."

22.     At the time of the allegations set forth in the Petition, Defendants and their alleged employees were acting as "program planners" that supervised and administered the infection control policy program, under which FDA approved personal protective equipment like N95 respirators and face shields, and other countermeasures were distributed and administered to the decedent, other residents, and the staff of Riverbend in an effort to diagnose, mitigate, and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

23.     At the time of the allegations set forth in the Complaint, Defendants' alleged employees and affiliates were acting as "qualified persons" because Defendants' employees were authorized to administer, deliver, and use FDA covered countermeasures, like personal protective equipment and FDA approved COVID-19 devices, medication, and diagnostic tests, pursuant to Kansas licensure laws for registered nurses, respiratory therapists, and licensed practical nurses, as well as Kansas Executive Order 20-26 and K.S.A. § 48-924 to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

24.     Further, Defendants' alleged employees and affiliates were acting as employees of a "program planner" that supervised and administered the infection control program that provided and used FDA approved countermeasures on the decedent and the staff of Riverbend in an effort to diagnose and mitigate COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

25.     At the time of the allegations set forth in the complaint, Defendants were allegedly engaged in the management and operation of countermeasure programs in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a

"population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto, or reasonably believed so by Defendants. Likewise, Defendants' alleged employees and affiliates were physically providing the countermeasures to the decedent and using the countermeasures in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto, or reasonably believed so by Defendants.

26.     At the time of the allegations set forth in the complaint, the N95 respirators and face shields used within the Facility   were approved by the FDA as a qualified pandemic or epidemic product and were respiratory protective devices approved by the National Institute for Occupational Safety and Health under 42 CFR part 84, and were administered, delivered, distributed, and dispensed in accordance with the public health and medical response of the Kansas Department of Health and Environment and Kansas Department for Aging and Disability Services or reasonably believed so by Defendants, and Plaintiff's claim for loss "arises out of, relates to, or results from"  the administration and use of such "covered countermeasures."

27.     Thus, Plaintiff's claim for loss "arises out of, relates to, or results from"  the administration and use of a  "covered countermeasure" obtained through  a "means of distribution," to a "population," and within a "geographic area," or reasonably believed so by Defendants, for the purpose of treating, diagnosing, curing, preventing, or mitigating COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, as such terms are defined within the

Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020), the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), and all corresponding amendments, regulations, and interpretational case law.

28.     Congress has clearly manifested the intent to preempt state law with respect to claims that invoke PREP Act immunity and to create an exclusive federal remedy for such preempted claims, thereby "completing preempting" state law for purposes of federal question jurisdiction.

29.     Therefore, Plaintiff's Petition invokes a federal question for which the governing federal law "completely preempts" plaintiff's state law claims, and removal is proper under 28 U.S.C.A. § 1441(a).

**WHEREFORE**, having shown that this case is properly removable, Defendants provide notice pursuant to 28 U.S.C.A. § 1446 that the Action pending in District Court of Wyandotte County, Kansas, Case No. 2020-CV-000597, is removed to the United States District Court for the District of Kansas, and respectfully requests that this Court exercise jurisdiction over this case.

Respectfully submitted this 6th day of November, 2020.

HORN AYLWARD & BANDY, LLC

*/s/ BK Christopher*

| | |
|---|---|
| BK Christopher | KS # 16387 |
| bchristopher@hab-law.com | |
| Richard M. Acosta | KS # 23239 |
| racosta@hab-law.com | |
| Robert Givens | KS #78828 |
| rgivens@hab-law.com | |
| Matthew R. Klose | KS #27360 |
| mklose@hab-law.com | |

Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
(816) 421-0700
FAX # (816) 421-0800

**ATTORNEYS FOR BIG BLUE
HEALTHCARE, INC., GATEWAY
HEALTHCARE, INC., and GOLDEN OAKS
HEALTHCARE, INC.**

SHOOK, HARDY & BACON L.L.P.

By: */s/ Mathew L. Larsen*
Robert T. Adams
Kansas Federal Bar No. 70628
Michael J. Kleffner
Kansas Federal Bar No. 78006
Mathew L. Larsen
Kansas Federal Bar No. 78216
Jordan A. Kane
Kansas Federal Bar No. 78850

2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
rtadams@shb.com
mkleffner@shb.com
mlarsen@shb.com
jkane@shb.com

**ATTORNEYS FOR LITTLE BLUE HEALTH
HOLDINGS, LLC and THE ENSIGN GROUP,
INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of November, 2020, the foregoing document was filed with this Court using the Court's electronic filing system and was sent by First Class U.S. Mail, postage pre-paid to the following:

Jonathan Steele
Kevin Chaffee
2345 Grand Boulevard, Suite 750
Kansas City, MO 64108
Ph: (816) 466-5947
Fax: (913) 416-9425
jonathan@nursinghomeabuselaw.com
kevin@nursinghomeabuselaw.com

**Attorneys for Plaintiffs**

_/s/ BK Christopher_
Attorney